

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLARD SIMMS, et al.,<br><br>Defendants. | NO. CV 12-10793-UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

    The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

    On December 18, 2012, Defendant, having been sued in an unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also filed a request to proceed *in forma pauperis*. The Court has denied the latter request under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    Simply stated, Plaintiff could not have brought this action in federal court in the first place in that the complaint does not competently allege facts supplying either diversity or federal question jurisdiction, and therefore removal is improper.

28 U.S.C. § 1441(a); see *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Defendant's notice of removal asserts that diversity question jurisdiction exists. (Notice at 2.) However, there is no diversity between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a)(1). Plaintiff also seeks removal based on federal question jurisdiction. However, his bases are frivolous. (*See, e.g.*, Notice at 4-6 (Law of Merchant, Alien Tort Claim Act, International Covenant on Civil and Political Rights, the Confederate Constitution for North America, Article 9 of the Uniform Commercial Code).)

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, California, 91401 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

DATED: 1/7/13

GEORGE H. KING
United States District Judge